**Clay Stucki (6141)**
**Bronson D. Bills (10185)**
**STUCKI, STEELE & RENCHER**
215 S. State Street, Suite 800
Salt Lake City, Utah 84111
Phone: 801.961.1300
Fax: 801.961.1311

---

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| LON THOMAS and LON THOMAS & ASSOCIATES, INC. | |
| | **PETITION FOR REVIEW OF AGENCY ACTION** |
| v. | |
| | Case No.: 2:11-cv-00238-SA |
| KEN SALAZAR, Secretary, United States Department of Interior; BUREAU OF LAND MANAGEMENT; INTERIOR BOARD OF LAND APPEALS | Magistrate Judge Samuel Alba |

---

### INTRODUCTION

**COMES NOW**, the Petitioner, Lon Thomas & Lon Thomas & Associates (hereafter "Thomas") by and through counsel, Clay Stucki and Bronson D. Bills, pursuant to the ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C. § 701 *et seq*., and hereby submits this Petition for Review of Agency Action as an appeal from a decision of the Interior Board of Land Appeals ("IBLA"), 180 IBLA 18 (December 10, 2010), reversing Administrative Law Judge ("ALJ") Robert G. Holt's October 10, 2007, decision which had held that: (1) Thomas was liable for a

grand total of only $1,505.33 for removal of certain mineral materials from Area 2 in Salt Lake Meridian, Box Elder county, Utah, in the Cotton Thomas Basin area of the Goose Creek Mountains in northwestern Utah, and; (2) that the Bureau of Land Management was not entitled to assess costs against Thomas in the amount of $6,138.07. Petitioner contends that the IBLA's decision to reverse the findings of the ALJ was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law under 5 U.S.C. § 706(2)(a).

## PARTIES

1. Petitioner Thomas is a Utah corporation whose principal address is 4040 S. 300 W. Salt Lake City, Utah 84107.

2. Defendant Ken Salazar, is the Secretary of the United States Department of the Interior.

3. Defendant Bureau of Land Management ("BLM") is an agency of the United States Department of the Interior, responsible for administering public lands within a framework of numerous laws, including The Materials Act of 1947, 30 U.S.C. §§ 601-604 (2006).

4. Defendant Interior Board of Land Appeals ("IBLA") has authority to review the BLM's decisions, and did so in this case.

## JURISDICTION and VENUE

5. Petitioner seeks judicial review of the final entry of the IBLA decision number 2008-30, decided December 10, 2010. Pursuant to 43 C.F.R. §§ 4.1(b)(3) and 4.21(c), decisions of the IBLA constitute a final agency action for purposes of judicial review under the Administrative Procedure Act, 5 U.S.C. § 704. Petitioner has exhausted all of its administrative remedies.

6. Jurisdiction is based on federal question jurisdiction, 28 U.S.C. § 1331(a), The Materials Act of 1947 and 30 U.S.C. §§ 601-604 (2006) and 43 C.F.R. § 4.21(c).

7. Venue is proper in this Court because all relevant issues in this action are located in, as well as took place in, the state of Utah. *See* 28 U.S.C. § 1391(e).

## FACTUAL BACKGROUND

8. Petitioner, who is in the business of stone quarrying and fabrication for building and landscaping purposes, extracted and removed rock from two sites of land situated in sections 17 and 20, T.14 N., R.17 W., Salt Lake Meridian, Box Elder County, Utah, in the Cotton Thomas Basin area of the Goose Creek Mountains in northwestern Utah, which sites were covered by or adjacent to mining claims owned by Thomas.  Thomas removed gneiss rock from Area 1 of the foregoing property, and quartzite rock from Area 2.  Petitioner was originally observed by the BLM extracting materials on September 30, 1998.

9. The BLM issued a trespass notice to Petitioner on October 1, 1998, pursuant to 43 C.F.R. § 9239.0-7. Thomas received the trespass notice on October 6, 1998.

10. Thomas immediately informed the BLM that he did not know he was trespassing and believed he was mining on his own mining claims.

11.  On October 15, 1998, Thomas, in good faith, sought to resolve the trespass by offering to pay for any material he had taken and agreed to stop any extraction operations.  The

BLM independently verified, on November 3, 1998, that Thomas had ceased all operations. The BLM also later verified that any trespass was accidental and not intentional or in bad faith.

12. The BLM was unwilling to settle the dispute. Thus, by letter dated November 4, 1998, Thomas notified the BLM that he would be returning the gneiss removed from area 1 back to the place it was extracted from to reclaim it to its former condition.

13. Thomas, again by letter, notified the BLM that Thomas had returned the gneiss to Area 1, and that Thomas had covered the stone with fines and smoothed out the surface of the area.

14. Thomas appealed to the Board from the BLM's October 1998 trespass notice. On September 1, 2009, the IBLA set aside the notice and remanded the case to the BLM to settle any claims that were not taking place on public lands covered by mining claims. The BLM again issued a decision notifying Thomas that Thomas had engaged in a trespass for extracting a common variety mineral, both within and outside of its mining claims.

15. Thomas appealed to the IBLA, and the IBLA referred the matter for a hearing and decision by an ALJ, by order of March 30, 2000. On July 2002, by request of the parties, the assigned ALJ, James H. Heffernan, remanded the case to the BLM for consideration again of whether or not the material removed was a common variety material.

16. By decision dated December 6, 2002, the BLM determined that Thomas had committed a trespass, and was liable for trespass in the amount of $35,542.50 for the value of material reviewed, and $4,640 for administrative costs.

17. The BLM found that 3,370 tons of common variety gneiss had been removed from area 1, and 1,369 tons of quartzite had been removed from area 2.  Thomas was required to pay the $40,182.50 ($35,542.50 + $4,640) within 30 days or make a suitable arrangement.

18.  Thomas appealed the December 6, 2002, decision of the BLM, claiming that Thomas had mining claims in Areas 1 and 2, and that extraction of the materials that was not a trespass. Thomas also argued that, even if extraction of the materials was a trespass, the BLM's calculation of trespass damages was in error because the BLM had inaccurately assessed the quantity of the mineral material removed.  Specifically, Thomas argued that Thomas had taken only about 210 tons of gneiss, and possible 200 tons of broken surface stone and detritus from area 1. Further, Thomas argued that Thomas only took 201 tons of quartzite from Area 2.

19.  The IBLA granted Thomas' request for a hearing, and referred the matter to an ALJ for a determination.  Because both parties agreed that Thomas' trespass was innocent in nature, the only issue the ALJ had to decide was the appropriate amount of trespass damages.

20.  The issue was tried before ALJ Holt, who was able to weigh the evidence as it was presented and judge credibility with first hand observation.  ALJ Holt held that Thomas had established, **by a preponderance of the evidence,** that 200 tons (Area 1) and 200.71 tons (area

2) of mineral material had been extracted, rather than the BLM's calculated amount of 2,318 tons (Area 1) and 1,064 tons (Area 2). ALJ Holt found that Thomas was liable for trespass damages in the total amount of $1,505.33 (200.71 tons valued at $7.50 a ton) from area 2, but that Thomas was not responsible for any trespass damages from area 1 because Thomas had mitigated any damages by returning the material. Further, ALJ Holt found that the BLM was not entitled to assess any administrative costs.

21. The BLM appealed ALJ Holt's decision to the IBLA.

22. The IBLA, in a 2-1 decision, reversed ALJ Holt's on all grounds, finding that Thomas had not meet its burden demonstrating that it had removed 200 tons (from Area 1) and 200.71 tons (from area 2); that Thomas had mitigated damages by returning all of the material removed from Area 1, and; that the BLM was not entitled to assess administrative costs. The dissenting opinion affirmed ALJ Holt's decision on all grounds.

23. Petitioner brings this civil cause of action, pursuant to the APA, appealing the IBLA's decision, and asks this Court to reinstate ALJ Holt's decision.

## FIRST CLAIM FOR RELIEF

(**Postponement of Agency Action**)

24. Petitioner incorporates paragraphs 1 through 23 as if fully set forth herein.

25.  To preserve the status quo during the pendency of this appeal, Petitioner asks this Court, pursuant to 5 U.S.C. § 705, to postpone agency action until this Court renders a decision on Petitioner's instant claims for relief.

## SECOND CLAIM FOR RELIEF

(**Defendants' Decisions are Arbitrary, an Abuse of Discretion or Otherwise not in Accordance with Law**)

26. Petitioner incorporates paragraphs 1 through 25 as if fully set forth herein.

27. The IBLA must, as IBLA decisions have reiterated, be careful to disturb the findings of fact of an ALJ based upon credibility determinations where they are supported by substantial evidence.  *See United States v. Aiken Builders Products*, 149 IBLA 267, 271 (1999).

28. The IBLA in decision reversing ALJ Holt's opinion, disregarded the factual findings of the ALJ (which were, as the dissenting opinion points out, supported by substantial evidence and the entire record) and went well beyond the scope of its review when reversing ALJ Holt's decisions.

29. The IBLA's decision reversing ALJ Holt's decision is arbitrary, capricious, an abuse of discretion and otherwise not in accordance with the law.

30. Petitioner is entitled to the reinstatement of ALJ Holt's decision. Alternatively, Petitioner is entitled to a new hearing.

### THIRD CLAIM FOR RELIEF

(**Equitable Relief**)

31. Petitioner incorporates paragraphs 1 through 30 as if fully set forth herein.

32. As ALJ Holt, and the dissenting opinion from the IBLA point out, Petitioner demonstrated, by a preponderance of the evidence, that it had removed 200 tons (from Area 1) and 200.71 tons (from area 2); that Thomas had mitigated damages by returning all of the material removed from Area 1, and; that the BLM was not entitled to assess administrative costs.

33. The IBLA, in reversing ALJ Holt's opinion, disregarded the factual findings of the ALJ (which were, as the dissenting opinion points out, supported by substantial evidence and the entire record) and went well beyond the scope of its review when reversing ALJ Holt's decisions.

34. The IBLA's decision reversing ALJ Holt's decision is arbitrary, capricious, an abuse of discretion and otherwise not in accordance with the law.

35. Petitioner is entitled to the reinstatement of ALJ Holt's decision.

### RELIEF REQUESTED

A. Stay of the IBLA's decision;

B. Reinstatement of ALJ Holt's decision; and

C. Attorney fees and costs

DATED THIS 10th DAY OF MARCH, 2011.

/s/ Clay W. Stucki_____
Clay Stucki
Bronson D. Bills
STUCKI, STEELE & RENCHER

## MAILING CERTIFICATE

I hereby certify that on the 10th day of March, 2011, I caused to be delivered via U.S. postage, prepaid, a true and correct copy of the attached and foregoing **AGENCY ACTION PETITION FOR REVIEW OF** to the following:

Christopher J. Morley
U.S. Department of the Interior
Office of the Solicitor
125 S. State Street Suite 6201
Salt Lake City, Utah 84138-1180

/s/ Clay W. Stucki_____
STUCKI STEELE & RENCHER